IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES-WILLIAM FROST,

    Plaintiff,

  v.

AURORA LOAN SERVICING, LLC and
AURORA BANK FSB,

    Defendants.

No. C 10-02476 WHA

**ORDER SETTING ASIDE DEFAULT AND SETTING CASE MANAGEMENT CONFERENCE**

       This is an action for quite title and fraudulent conversion of property in Sonoma County, California, property that has already been sold at trustee sale. It was filed on September 4, 2009, in the United States District Court for the District of Columbia. Defendants were served with the complaint later that month, but did not file a timely answer. Through inadvertence, defendants had referred this matter to the wrong counsel. Plaintiff sought and received entry of default on November 9, 2009, still in the District of Columbia.

       As soon as defendants received service of the entry of default, they appeared and filed a motion to set aside default, and a motion to dismiss or alternatively to change venue. Those motions were not resolved until May 11, 2010, at which time the district court in the District of Columbia held that venue was improper there. The other motions went unresolved. Hence the case was transferred here and reassigned to the undersigned. The first order of business is defendants' motion to set aside default. In setting a deadline for the filing of the motion, a prior order set forth requirements for a showing by defendants of their right to foreclose. Defendants

filed their motion and supporting submissions. Although it was untimely, plaintiff filed an opposition.

Rule 55(c) states that "[t]he court may set aside an entry of default for good cause." Defendants have provided good cause to set aside the Clerk's entry of default. Although defendants failed to timely respond to the complaint when this matter was pending in the District of Columbia, it was due to an initial inadvertent referral of the matter to the wrong counsel. Defendants appeared and responded as soon as default was entered by the Clerk, and do not appear to have been delinquent since.

Meanwhile they have made a comprehensive good faith showing of their right to foreclose in response to the prior order requesting that such showing be made in conjunction with the instant motion. They have appended in support of their motion copies of the following items as a part of that showing, relevant to the default and sale of the property in question: the deed of trust, the notice of default and election to sell, a substitution of trustee, notice of trustee's sale, trustee's deed upon sale, the grant deed conveying the property to its new owners, a judgment of possession in favor of one of defendants and against plaintiff in a state unlawful detainer action, the adjustable rate note, a log documenting phone calls and correspondence between the parties since mid-2008, a letter dated November 6, 2008, informing plaintiff of his outstanding balance and requesting a response, a customer account activity statement showing a history of payments, and a declaration of a deal manager at one of defendants that adds additional details about the dealings between the parties. This provides further good cause warranting setting aside default, as it demonstrates defendants' commitment to participation.

The entry of default is hereby set aside. This order sets a case management conference for **MARCH 3, 2011, AT 11:00 A.M.**

**IT IS SO ORDERED.**

Dated: February 7, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2