United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WILLIAM FROST,<br><br>Plaintiff,<br><br>v.<br><br>AURORA LOAN SERVICES, LLC, and AURORA BANK FSB,<br><br>Defendants.<br>_____ / | No. 10-cv-02476-WHA<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

**INTRODUCTION**

In this mortgage loan dispute, defendants move to dismiss the action pursuant to FRCP 12(b)(6). For the reasons stated below, the motion is **GRANTED**.

**STATEMENT**

Defendants Aurora Loan Services, LLC and Aurora Bank FSB participate in the mortgage servicing business. Plaintiff James William Frost, who proceeds *pro se*, acquired real property located at 947 Langeburg Street, Santa Rosa, with a mortgage loan of $516,000 that he obtained from Homecomings Financial Network, Inc., secured by a deed of trust signed on June 3, 2005 (Dkt. No. 42-1 at 6). Mortgage Electronic Registration Systems, Inc., as nominee for the Homecomings Financial Network, Inc., was the original beneficiary under the deed of trust. On December 3, 2008, MERS substituted Quality Loan Service Corporation as the new trustee (Dkt. No. 42-1 at 5 and 35–36). After plaintiff defaulted on his payments, Quality Loan Service Corporation entered and served a notice of trustee's sale, dated March 5, 2009 (Dkt. No. 42-1 at 39). On June 29, 2009, Quality Loan Services Corporation then sold the Santa Rosa property at public auction. Aurora Loan Services LLC purchased the property at

that auction. It was subsequently sold to Javier Vasquez and Ana Cruz (Dkt. No. 42-1 at 44–45, 48).

Plaintiff brings an action to quiet title and asks the Court to order defendants to "cease and desist to redress the past deprivations" of his "private property rights . . . secured by the Constitution" (Compl. ¶ 13). Specifically, he asserts two claims: (1) quiet title and (2) "[s]lander of [t]itle, fraudulent conversion."

This action was originally filed in United States District Court for the District of Columbia on September 4, 2009. It was transferred to the Northern District of California by court order dated May 11, 2010 (Dkt. No. 17). Defendants move to dismiss.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Plaintiff's complaint rests entirely on conclusory statements. It is a form complaint, containing entire blocks of boilerplate, nearly identical to a complaint in another case in our district that was dismissed for failure to state a claim. *See Basulto v. GMAC Mortg.*, No. C-09-1438 MMC, 2009 WL 1658033 (N.D. Cal. June 12, 2009). The complaint is devoid of any factual allegations that could support the claims asserted, or any potential claims.

Plaintiff does not effectively refute or respond to these problems in opposition to the instant motion.

*First*, plaintiff asserts that the motion was untimely filed. Not so. Defendants had until July 5, 2011, to file a response to the complaint (Dkt. No. 56). They filed their motion on June 22.

*Second*, plaintiff claims that defendants did not provide evidence that they are the note-holders of the loan and did not have rights of subrogation. He also asserts that defendants did not follow proper procedures to foreclose, pursuant to California Civil Code Sections 2923.5

2

and 2924 (Opp. 19, 23–24).  Defendants, however, made a comprehensive good-faith showing of their right to foreclose in response to a previous court order (Dkt. No. 47).  Moreover, such arguments concerning evidentiary issues do not cure plaintiff's failure to state a claim in the *complaint*.

The remainder of plaintiff's opposition cites treatises, statutes, and case law that are non-responsive in that they do not cure the lack of any specific factual allegations in the complaint.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is **GRANTED**.

Plaintiff may seek leave to amend the complaint and will have **TWENTY-ONE CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint.  A proposed amended complaint must be appended to the motion.  The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein.  If plaintiff does not file such motion, this case will be closed.

**IT IS SO ORDERED.**

Dated: August 5, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE